United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **STACI R. RAAB,** | CASE NO.  18-cv-4041-YGR |
| Petitioner**,** | **ORDER GRANTING MOTION FOR ATTORNEYS' FEES** |
| vs. | Dkt. No. 17 |
| **ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,** |  |
| Respondent. |  |

Petitioner/Claimant Staci R. Raab filed this motion for attorneys' fees in the amount of $12,081.25 pursuant to 42 U.S.C. section 406(b).  (Dkt. No. 17.)  On June 18, 2019, the Court granted Raab's motion for summary judgment on her petition for judicial review of the Agency's denial of Social Security disability benefits and remanded the action for calculation and award of disability benefits consistent with its decision.  (Dkt. No. 14.)[1]  Plaintiff then received a Notice of Award dated April 5, 2020 regarding past-due benefits.  (Exh. 2.)  Under a contingent-fee agreement, plaintiff agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $18,081.25 (Exhs. 1-2).

**I.   ANALYSIS**

This Court has jurisdiction to consider counsel's time expended in federal court, reimbursable under 42 U.S.C. § 406(b), pursuant to section 406(b)(1)(A), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the

---

[1]  After entry of the order granting summary judgment, the Court approved the parties' stipulation to attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $10,500.00.  (Dkt. No. 16.)  The stipulation to EAJA fees was without prejudice to the right of counsel to seek attorneys' fees under 42 U.S.C. § 406(b).  (*Id.*)

United States District Court
Northern District of California

1  claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v.*

2  *Barnhart*, 535 U.S. 789, 808 (2002) (holding that contingent-fee agreements are not enforceable to

3  the extent that they provide for fees exceeding 25% of the past-due benefits); *Culbertson v.*

4  *Berryhill*, 139 S. Ct. 517, 523, 202 L. Ed. 2d 469 (2019) ("the 25% cap in § 406(b)(1)(A) applies

5  only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and

6  (b)"). The court provides "an independent check" to assure that contingency fee agreements

7  between Social Security claimants and their attorneys will "yield reasonable results in particular

8  cases." *Gisbrecht*, 535 U.S. at 807. The appropriate method of calculating a reasonable fee under

9  section 406(b) gives primacy to the contingent-fee contract and reduces the agreed-upon fee only

10  if the resulting would be excessive under the circumstances. *Id.* at 808; *see also Crawford v.*

11  *Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc) (inquiry starts with fee agreement; question is not

12  whether lodestar should be enhanced but whether the contractually agreed fee should be reduced).

13  As set forth in *Gisbrecht* and reiterated in *Crawford*, district courts "may properly reduce the fee

14  for substandard performance, delay, or benefits that are not in proportion to the time spent on the

15  case." *Id.* at 1151 (citing *Gisbrecht*, 535 U.S. at 808). In determining whether a fee is reasonable,

16  the court considers may look to the lodestar calculation "*only as an aid* in assessing the

17  reasonableness of the fee." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (emphasis in original).

18       Here, the contract between petitioner and her counsel specifies attorneys' fees will be 25%

19  of past due benefits. (Plaintiff's Exh. 1.) The fee requested by petitioner's counsel does not

20  exceed 25% of the retroactive benefits.[2] On the record before the Court, counsel provided

21  excellent representation, prosecuted the claim thoroughly and diligently, and obtained an excellent

22  result. Counsel did not unreasonably delay in seeking review of the decision. The fee requested

23  herein would not result in a windfall to counsel considering the time expended and the risk

24  undertaken in representation of petitioner. Based on the 56.75 hours billed by petitioners'

25

26  _____

27      [2] Plaintiff submits a copy of the Commissioner's award letter setting out the monthly benefits award and noting that the Agency has withheld $18,081.25 from the past due benefits for potential attorneys' fees. (Exh. 2.) Plaintiff indicates in the motion that she has requested fees

28  totaling $6,000 for work performed at the administrative level under 42 U.S.C. § 406(*a*), but the Agency had not yet issued a decision on that request at the time of this motion.

United States District Court
Northern District of California

attorneys, the effective hourly rate would be $212.88.  This rate is well below the reasonable hourly rate of similarly experienced counsel and only slightly higher than the applicable EAJA rate of $201.60 for 2018.  *Cf. Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (2003) (awarding hourly rate of $450.00 and citing cases with much higher effective rates approved).  The Court therefore finds the attorneys' fees requested herein to be reasonable taking into account all these factors.

Once the court determines that the fee sought under section 406(b) is reasonable, it must account for the attorneys' fees paid by the Commissioner on his own behalf pursuant to the EAJA. *Gisbrecht*, 535 U.S. at 796.  "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits.  *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's section 406(b) request reasonable, and therefore counsel shall refund to petitioner the $10,500.00 in EAJA fees that it previously granted pursuant to stipulation. (*See* Dkt. No. 16.)  Counsel and petitioner acknowledge as much in their motion.  (*See* Motion at 5:10-12; Declaration of Staci R. Raab, Dkt. No. 17-3.)

## II.   CONCLUSION

Based upon the foregoing, the Court **GRANTS** the instant Motion for Attorneys' Fees. Counsel is awarded reasonable attorneys' fees under section 406(b) in the amount of **$12,081.25**. Previously, this Court awarded attorneys' fees of $10,500.00 pursuant to the EAJA.  Because the EAJA award is smaller than the current award, **$10,500.00** shall be refunded to Petitioner Staci R. Raab.

**IT IS SO ORDERED.**

Dated: October 27, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**